UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF GEORGIA

SAVANNAH DIVISION

| | | |
|---|---|---|
| SHELDON B. FIELDS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CV416-057 |
| | ) | |
| CHATHAM COUNTY BOARD OF EDUCATION, | ) ) | |
| | ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

Proceeding *pro se* and using a form Title VII Complaint, Sheldon B. Fields filed an employment discrimination case against Dionne Young, the Principal of the Haven Elementary School (a Chatham County, Georgia public school).[1] Doc. 1. The Court granted him *in forma pauperis* status and, upon screening of his Complaint, directed him to cure some pleading deficiencies. Doc. 3. Construing Fields' complaint liberally, *Fodor v. D'Isernia*, 506 F. App'x 965, 966 (11th Cir. 2013), the Court concluded that he was invoking the Americans with Disabilities Act ("ADA"), 42

---

[1] *See* http://internet.savannah.chatham.k12.ga.us/schools/haven/default.aspx

U.S.C. § 12101(b)(1).[2] But he failed to plead critical elements of that claim. For example, he did not name a defendant who could be sued (an ADA case cannot be brought against an individual, such as a supervisor). Doc. 3 at 8. Fields now clarifies that "[t]his lawsuit is against the Board of Education Chatham County." Doc. 4 at 2; *see also id.* at 5. The above caption now reflects that, the Clerk is **DIRECTED** to alter the docket caption accordingly, and all subsequent filings shall conform.

Other defects: Fields had to allege what his job in fact was when he was terminated. Doc. 3 at 2. Strangely, he still won't say. Doc. 4. He also had to plead that, at the time of any ADA discrimination, he labored under an ADA disability -- "a physical or mental impairment that substantially limits one or more major life activities of such individual. . . ." Doc. 3 at 5. Hence, a generic, temporary ailment would not suffice. Plaintiff still fails to comply with that requirement,

---

[2] In general, an employer may not "discriminate against a qualified individual with a disability in regard to the job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment." 42 U.S.C. § 12112(a). A "qualified individual with a disability" is "an individual who, with or without reasonable accommodation, can perform the essential functions of the employment position that such individual holds or desires." 42 U.S.C. § 12111(8).

too.³ He has lobbed a mass of his medical records at the court, evidently expecting it to pluck pleading fruit for him. He's also added some hand-written conclusory statements -- that he was a disabled (how?) employee (doing what?) who worked with reasonable accommodations (like what?) that were suddenly yanked by an interim principal. Doc. 4. Hence, basic facts about what plaintiff's job was, whether his physical problems qualify as an ADA disability, causation, what was the reasonable

---

³ He states: "seizures, weak on left side of body left hand limited." Doc. 4 at 4 (unedited, in its entirety). That's a start. But he must plead *durational* facts, since employees suffer transient illnesses all the time. Such facts establish the existence of a "disability -- not just any medical condition, but one that substantially limited a major life activity, *see* 42 U.S.C. § 12102(2). . . ." *Surtain v. Hamlin Terrace Foundation*, 789 F.3d 1239, 1246-47 (11th Cir. 2015); *see also Joubert v. City of Jacksonville*, 2007 WL 496618 at * 3 (M.D. Fla. Feb. 12, 2007) (granting dismissal where the plaintiff merely alleged that he was a qualified individual with a disability without more specific factual allegations supporting this conclusion); *Scott v. Florida Dept. of Educ. Div. of Vocational Rehabilitation*, 2008 WL 2245613 at * 2 (M.D. Fla. May 9, 2008) ("Plaintiff must set forth enough facts to support an inference that Plaintiff has a disability under the ADA; she must plead more than mere conclusory allegations."). An example would be an inability to walk. *See* 29 C.F.R. § 1630.2(g)(1)(i) (defining "disability" as "a physical or mental impairment that substantially limits one or more of the major life activities of such individual"); 42 U.S.C. § 12102(2)(A) ("major life activities include . . . walking . . . .").

To that end, the ADA disability must exist *when* the alleged adverse employment action occurred. *See Cash v. Smith*, 231 F.3d 1301, 1306 n. 5 (11th Cir. 2000) (a subsequent change in plaintiff's medical condition was "irrelevant" to her ADA claim because courts "evaluate her disability as manifested at [the time of the alleged adverse employment action]"); *see also Marshall v. Quincy Compressor, LLC*, 2016 WL 4925163 at * 5 (S.D. Ala. Sept. 14, 2016) ("There is no evidence that Plaintiff was disabled or regarded as disabled at the time of his discharge and there is no evidence that Plaintiff's discharge was because of a disability. Accordingly, Plaintiff has not established a prima facie case of discriminatory discharge.").

accommodation improperly withdrawn, etc. -- these all remain unpled or under-pled here.

In that regard, the Court can neither research the law nor plead facts to support Field's legal claims. *Kaiser v. Steele*, 646 F. App'x 906, 906 (11th Cir. 2016); *Boles v. Riva*, 565 F. App'x 845, 846 (11th Cir. 2014) ("[E]ven in the case of *pro se* litigants this leniency does not give a court license to serve as *de facto* counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action.") (quotes and cite omitted); *Sec'y, Fl. Dept. of Corr. v. Baker*, 406 F. App'x 416, 422 (11th Cir. 2010); *Swain v. Colorado Tech. Univ.*, 2014 WL 3012693 at * 1 (S.D. Ga. June 12, 2014) ("While Congress has chosen to provide indigents with access to the courts by way of its *in forma pauperis* statute, it has not funded a *pro se* support function. Judges, then, at most can construe liberally what *pro se* litigants say factually, but they cannot develop legal arguments or plug the legal holes in their cases for them."); *Bivens v. Roberts*, 2009 WL 411527 at * 3 (S.D. Ga. Feb 18, 2009) ("judges must not raise issues and arguments on plaintiffs' behalf, but may only construe pleadings liberally given the linguistic imprecision that untrained legal

minds sometimes employ.").

Upon exhaustion of Fields' second chance, there remains no rational way to infer that he labored under an ADA disability, that his employer was aware of it (or, if it was subtle, he had made his employer aware of it),[4] and then inflicted an adverse employment action upon him because of it.

Accordingly, plaintiff's case should be **DISMISSED**. He is free to try again, within the 14 day "Objection" period provided by Fed. R. Civ. P. 72(b)(2).

---

[4] A key element is notice -- that the employer knew about the claimed disability and discriminated based upon it. *Cf. Mitchell v. Shane*, 350 F.3d 39, 48-49 (2d Cir. 2003) (no *prima facie* Title VII claim established "because there is no evidence that the [defendants] had any knowledge of the [plaintiffs'] racial background"), *quoted in Bernadotte v. New York Hospital Medical Center of Queens*, 2016 WL 792399 at * 8 (E.D.N.Y. Feb. 26, 2016). As the *Bernadotte* court explained:

> "The notice requirement is rooted in common sense. Obviously, an employer who acts or fails to act without knowledge of a disability cannot be said to have discriminated based on that disability." *Brady v. Wal-Mart Stores, Inc.*, 531 F.3d 127, 135 (2d Cir. 2008) (quoting *Felix v. N.Y.C. Transit Auth.*, 154 F. Supp. 2d 640, 657 (S.D.N.Y. 2001)); *see also Raytheon Co. v. Hernandez*, 540 U.S. 44, 54 n. 7 (2003) (noting the impossibility of an employer basing an adverse employment decision on disability if it were "truly unaware that such a disability existed"); *McCoy v. Morningside at Home*, No. 11-CV-2575, 2014 WL 737364, at *4 (S.D.N.Y. Feb. 25, 2014) ("[C]ausation [ ] necessarily incorporates an inquiry as to whether the employer had notice of the plaintiff's disability."), *aff'd*, 601 F. App'x 57 (2d Cir. 2015). Moreover, "[a]n employer's awareness that a plaintiff suffered some injury does not establish that an employer had notice that the plaintiff was disabled." *McCoy*, 2014 WL 737364, at *4.

*Bernadotte*, 2016 WL 792399 at *8.

**SO REPORTED AND RECOMMENDED**, this  27th   day of September, 2016.

*/s/ G.R. Smith*
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA